[No. B189955. Second Dist., Div. Six. June 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
YANO YIM, Defendant and Appellant.

COUNSEL

James R. Bostwick, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth N. Sokoler and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**YEGAN, J.**—Yano Yim appeals after his conviction, by jury, of second degree burglary of a vehicle. (Pen. Code, §§ 459, 460, subd. (b).)[1] Appellant waived his right to a jury trial on whether he had sustained two prior felony convictions for which he served prison terms. (§ 667.5, subd. (b).) The trial court found these allegations to be true. It sentenced appellant to prison for an aggregate term of four years: the upper term of three years on the second degree burglary plus one year for one of the prior prison terms served. The trial court struck the remaining prior prison term allegation. Appellant contends imposition of the upper term was an improper "dual use of facts." He also argues error based on *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 865]. We disagree. The trial court imposed the upper term for two reasons only: Appellant was on parole when he committed the new offense and he had performed poorly on parole. As we shall explain, these are recidivism-related factors that need not be found by a jury. (*Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348].)

*Facts and Procedural History*

Appellant used a screwdriver to open the door of a parked car. He took a bottle of ice tea, a sunglasses case, a photograph and some change from the car. A neighbor saw the break-in and notified the police. Appellant was standing across the street, drinking a bottle of ice tea, when the police arrived minutes later. The officer called to appellant, who bent down and then stood back up before walking over to him. The neighbor identified appellant as the burglar. Appellant also waived his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602]) and admitted breaking into the car. Another officer found a screwdriver on the pavement near where appellant had been standing.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

As indicted, the trial court found the prior convictions resulting in prison terms to be true. In 1999, appellant was sentenced to 16 months in state prison for a second degree burglary. He was on parole from that sentence when, in 2004, he committed another second degree burglary. He was again sentenced to 16 months in state prison and was released on parole in May 2005. Appellant was on parole when he committed the current offense, also a second degree burglary, in September 2005.

At the sentencing hearing, the trial court found two aggravating circumstances to be true: appellant was on parole when he committed the new offense and his performance on parole was unsatisfactory. The trial court struck the 1999 prison prior. It imposed the upper term of three years for the second degree burglary and a one-year enhancement for the remaining prior prison term.

### Dual Use of Facts

■ Appellant contends the trial court erred by making dual use of his prior conviction when it relied on his parole status and unsatisfactory performance on parole to impose both the upper term sentence and the prior prison term enhancement. (§ 1170, subd. (b).) He is incorrect. Parole status and performance on parole are distinct aggravating factors. Each is distinct from the aggravating factors of having numerous prior convictions and having served prior prison terms. (Cal. Rules of Court, rule 4.421(b).) A single aggravating factor may support a sentencing choice. (*People v. Hall* (1994) 8 Cal.4th 950, 963–964 [35 Cal.Rptr.2d 432, 883 P.2d 974]; *People v. Whitten* (1994) 22 Cal.App.4th 1761, 1767 [28 Cal.Rptr.2d 123]; *People v. Lewis* (1991) 229 Cal.App.3d 259, 268 [280 Cal.Rptr. 128].)

*People v. Coleman* (1989) 48 Cal.3d 112 [255 Cal.Rptr. 813, 768 P.2d 32], on which appellant relies, is distinguishable. There, our Supreme Court found a violation of the dual use rule where the same prior prison term was used to enhance a defendant's sentence pursuant to section 667.5, subdivision (b) and also to impose the upper term for the current offense. Here, the trial court imposed the upper term based not on appellant's prior prison term, but on his status as a parolee and his unsatisfactory performance on parole. The upper term could have been imposed based on those factors even if appellant had remained free of prison custody for more than five years and was therefore ineligible for the prior prison term enhancement. (§ 667.5, subd. (b).)

### Substantial Evidence

Appellant also contends there was no substantial evidence that he performed unsatisfactorily on parole. We disagree. Appellant was on probation

from a juvenile disposition when he committed the 1999 offense. He was on parole from the 1999 offense when he committed the 2004 offense, and he was on parole from that offense when he committed the present crime. Each time appellant has been granted probation or parole, he has reoffended. This constitutes unsatisfactory performance on parole. The trial court's finding to that effect is supported by the record.

## Cunningham *Error*

Appellant contends the trial court violated his jury trial rights by imposing the upper term based on facts not found by a jury. *Cunningham v. California, supra*, 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856], held that California's determinate sentencing law violates the Sixth Amendment to the United States Constitution because it "authorizes the judge, not the jury, to find the facts permitting an upper term sentence . . . ." (549 U.S. at p. ___ [127 S.Ct. at p. 871].) As the Supreme Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (*Id.* at p. ___ [127 S.Ct. at p. 860].)

The prior conviction exception referred to in *Cunningham* derives from the Supreme Court's opinions in *Apprendi v. New Jersey, supra*, 530 U.S. 466, *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] and *Almendarez-Torres v. United States* (1998) 523 U.S. 224 [140 L.Ed.2d 350, 118 S.Ct. 1219]. Courts in California and in other jurisdictions have construed *Apprendi*, "as requiring a jury trial except as to matters relating to 'recidivism.' " (*People v. Thomas* (2001) 91 Cal.App.4th 212, 221 [110 Cal.Rptr.2d 571].)

Thus, the exception to the jury trial right for prior convictions, "is not limited simply to the bare *fact* of a defendant's prior conviction, but extends as well to the *nature* of that conviction, thereby permitting sentencing courts to determine whether the prior conviction is the type of conviction (for example, a conviction of a 'violent' felony) that renders the defendant subject to an enhanced sentence." (*People v. McGee* (2006) 38 Cal.4th 682, 704 [42 Cal.Rptr.3d 899, 133 P.3d 1054].) As the *McGee* court explained, *Apprendi* distinguishes between "sentence enhancements that require factfinding related to the circumstance of the current offense, such as whether a defendant acted with the intent necessary to establish a 'hate crime'—a task identified by *Apprendi* as one for the *jury*—and the examination of *court records* pertaining to a defendant's *prior conviction* to determine the nature or basis of the conviction—a task to which *Apprendi* did not speak and 'the type of

inquiry that judges traditionally perform as part of the sentencing function.' ([*People v.*] *Kelii* [(1999)] 21 Cal.4th 452, 456 [87 Cal.Rptr.2d 674, 981 P.2d 518].)" (*Id.* at p. 709.)

Here, the factors that supported imposition of the upper term sentence were recidivism related: appellant's status as a parolee and his prior unsatisfactory performance on parole. These factors can be determined by reference to "court records" pertaining to appellant's prior convictions, sentences and paroles. The mere recitation of his dates of conviction and releases on parole (see, *ante*, at p. 369) demonstrate, as a matter of law, that he committed new offenses while on parole. Thus he performed poorly on parole. (See *People v. Abercrombie* (2007) 151 Cal.App.4th 585 [parole status only as an aggravating factor may support upper term without a jury finding thereon].) No trial court or jury could rationally find otherwise. As a result, these factors fall within the *Apprendi* exception to the jury trial right. The trial court did not violate appellant's Sixth Amendment rights by imposing the upper term without these findings by a jury.

The judgment is affirmed.

Gilbert, P. J., and Perren, J., concurred.