Filed 12/8/20  P. v. Reed CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MONTE ANTONIO REED,<br><br>Defendant and Appellant. | C090507<br><br>(Super. Ct. No. 17FE017281) |

A jury convicted defendant Monte Antonio Reed, a former high school teacher, of two counts of unlawful sexual intercourse with a 15 year old, E. (Pen. Code, § 261.5, subd. (d)—counts one and two),[1] three counts of oral copulation with E. (former § 288a, subd. (b)(2)—counts three through five), sexual penetration with a foreign object of E. (§ 289, subd. (i)—counts six and seven), and two counts of a lewd and lascivious act on a 14

---

[1] Undesignated statutory references are to the Penal Code.

1

or 15 year old, C. and J., respectively (§ 288, subd. (c)(1)—counts eight and nine). E., C., and J. had each been students in one of defendant's classes.

The court sentenced defendant to a total term of nine years in prison.

On appeal, defendant argues the trial court erred by providing the jury with conflicting instructions regarding the use of testimony about uncharged acts and crimes, abused its discretion in setting his sentence, and erred by imposing certain fines and fees without holding a hearing to determine his ability to pay them. We will affirm the judgment.

## I. DISCUSSION

### A. *Jury Instructions*

#### 1. *Trial Court Proceedings*

In addition to the victims of the charged crimes, defendant's former students A., B., and K. also testified. On appeal, defendant challenges the jury instructions regarding the use of their testimony.

The jury was instructed based on CALCRIM No. 375 regarding the use of evidence of uncharged acts to prove lack of mistake or accident pursuant to Evidence Code section 1101, subdivision (b):

"The People presented evidence of other acts by the defendant that were not charged in this case, specifically:

"1. Asking A[.] to kiss him on the cheek, holding her hand, and/or putting his hand on her thigh while the students were watching a video in class.

"2. Making comments about B[.]'s body, placing his hand on her waist and whispering, ["]Does this make you uncomfortable[?"], commenting on a photograph of her body, and/or telling her to ["]hit me up when you turn 18.["]

"3. Telling K[.] that she is his ["]forbidden fruit,["] that she is something he wants that he cannot have, drawing smiley faces on her hand, and/or marking his initials on her body with a Sharpie.

2

"You may consider this evidence only if:

"1.  The People have proved by a preponderance of the evidence that the defendant, in fact, committed the other acts.  [¶] . . . [¶] . . .  If the People have not met this burden, you must disregard this evidence entirely.

"And, 2.  You all agree that the People have proved that the defendant committed at least one of these acts, and you all agree on which act he committed for each of the charged offenses.

"If you decide that the defendant committed the other acts, you may, but are not required to, consider that evidence for only the limited purpose of deciding whether or not:

"1.  The defendant's actions towards C[.] as charged in Count Eight were the result of mistake or accident.

"2.  The defendant's actions towards J[.] as charged in Count Nine were the result of mistake or accident.

"In evaluating this evidence, consider the similarity or lack of similarity between the uncharged acts and the charged offenses.  *Do not consider this . . . evidence for any other purpose except for only the limited purpose of determining if the defendant's actions toward C[.] as charged in Count Eight were the result of mistake or accident and/or if the defendant's actions toward J[.] as charged in Count Nine were the result of mistake or accident.*

"If you conclude that the defendant committed any of the uncharged acts, that conclusion is only one factor to consider along with all the other evidence.  It is not sufficient by itself to prove that the defendant is guilty of the crimes charged."  (Italics added.)

Later, after being instructed on the elements of the charged offenses, the jury was instructed with CALCRIM No. 1191A on the use of evidence of an uncharged sex offense pursuant to Evidence Code section 1108:

"The People presented evidence in this case that the defendant committed certain offenses that constitute a crime under California law.  Specifically:

"1.  Asking A[.] to kiss him on the cheek, holding her hand, and/or putting his hand on her thigh while the students were watching a video in class.

"2.  Making comments about B[.]'s body, placing his hand on her waist and whispering, ["]Does this make you uncomfortable[?"], commenting on a photograph of her body, and/or telling her to ["]hit me up when you turn 18.["]

"3.  Telling K[.] that she is his ["]forbidden fruit,["] that she is something he wants that he cannot have, drawing smiley faces on her hand, and/or marking his initials on her body with a Sharpie.

"The above-referenced offenses of annoying or molesting a child are not charged against the defendant.  [¶]  The elements of the offense of annoying or molesting a child are as follows:

"1.  The defendant engaged in conduct directed at a child.

"2.  A normal person, without hesitation, would have been disturbed, irritated, offended, or injured by the defendant's conduct.

"3.  The defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child.

"4.  The child was under the age of 18 years at the time of the conduct.

"It is not necessary that the child actually be irritated or disturbed.  [¶]  It is also not necessary that the child actually be touched.

"It is not a defense that the child may have consented to the act.

"Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun.

"You may consider this evidence only if:

"1.  The People have proved by a preponderance of evidence that the defendant in fact, committed the uncharged offenses.  [¶] . . . [¶]  If the People have not met this burden of proof, you must disregard the evidence entirely.

"And, 2.  You all agree that the People have proved that the defendant committed at least one of these offenses and you all agree on which offense he committed.

"If you decide that the defendant committed the uncharged offenses, you may, but are not required to, conclude for that evidence that the defendant was disposed or inclined to commit sexual offenses[,] and based on that decision[,] also conclude that the defendant was likely to commit and did commit each of the crimes charged in this case.

"The People must still prove each charged crime beyond a reasonable doubt.

"*Do not consider this evidence for any other purpose*."  (Italics added.)

2.      *Alleged Instructional Error*

On appeal, defendant argues the language in each instruction directing the jury to use that evidence only for the specified purpose and no other was contradictory, confusing, and therefore improper.  (See *People v. Lewelling* (2017) 16 Cal.App.5th 276, 299 ["Numerous cases have held that giving instructions that are contradictory or so inconsistent to confuse the jury was reversible error"].)  Alternatively, defendant argues that by failing to request this language be clarified, his counsel rendered ineffective assistance.  Rather than decide the forfeiture issue, we reach the merits, because they are dispositive of both alternative contentions.

"We must consider whether it is reasonably likely that the trial court's instructions caused the jury to misapply the law.  [Citations.]  '[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction.' "  (*People v. Carrington* (2009) 47 Cal.4th 145, 192.)

The People assert there was no contradiction because the instructions referred to "different evidence and different counts."  That is perhaps an oversimplification of the

5

issue. While it is true that one instruction referred to uncharged *acts* and the other to uncharged *offenses*, each instruction described the same alleged incidents involving A., B., and K. Nonetheless, each instruction requires findings by the jury before allowing and setting forth a specific use of this evidence and then ending by clarifying that the evidence can be used for no other purpose. Read as a whole, the instructions convey these points, and we cannot conclude it is reasonably likely that the jury misunderstood and misapplied the instructions.

Nor has defendant demonstrated any potential confusion in the instructions that would have been detrimental to him such that the alleged error could have been prejudicial. Defendant argues the jurors may have "understood the need to violate the instructions and use the evidence for two separate limited purposes. Alternatively, the jury may have followed the court's directions as to one or the other instructions, and used the evidence for only one or the other of the two limited purposes, and for no other purpose." Either way, he argues the jury did not follow the law and therefore we may no longer follow the rule that "[j]urors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions." (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) Rather, defendant suggests we must now assume a jury viewing two admonitions not to consider evidence for any other purpose might then reconcile them by considering the evidence for a purpose not expressly permitted by either instruction. We disagree. We do not view that as a reasonably likely response to two admonitions not to use the evidence for a purpose other than the purpose specified. To the extent this repetition was imperfect, it did the defendant the service of emphasizing the jury's limited ability to use the evidence even if it found the necessary prerequisites true by a preponderance of the evidence. We are not persuaded that the instructions read together created confusion to the prejudice of defendant.

*B.*     *Sentencing*

The trial court denied probation and sentenced defendant to a total term of nine years in prison:  the upper term of four years for count one, one year (one-third the middle term) for count two, and eight months (one-third the middle term) for counts three through seven and nine.[2]  Defendant asserts the trial court abused its discretion by failing to give proper consideration to mitigating factors.  We disagree.

A trial court's sentencing decision is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)  " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'  [Citation.]  Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' "  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)  "[A] trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' "  (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258.)

Defendant acknowledges that a single factor in aggravation may justify an upper term sentence.  (*People v. Yim* (2007) 152 Cal.App.4th 366, 369.)  Here, the trial court noted several aggravating factors relating to the crimes, including that defendant took advantage of a position of trust or confidence to commit the crime, the vulnerability of the victims, and that the manner in which the crimes were carried out demonstrated sophistication.  (See Cal. Rules of Court, rule 4.421, (a)(3), (8), (11).)  Nonetheless, defendant argues the aggravating factors cited by the court could not outweigh the

---

[2]  Count 8 was a misdemeanor and no further time was imposed.

mitigating factors, including his lack of criminal record, the many letters submitted on his behalf, and the fact he received a score of zero on the Static-99R, which is an actuarial measure of risk for sexual offense recidivism.

At sentencing, the court summarized 40 individual letters of character reference submitted on defendant's behalf. The court also noted that it had read the additional letters that had been submitted that had been written in support of defendant for a teacher of the year award. As the court later explained, "[a]ll I see in this case is tragedy, a lot of tragedy. Tragedy for the victims, tragedy for their families, their friends. I don't know that the victims will ever recover. [¶] I see tragedy for the Defendant's family, his sons, and his wife. But the evidence was overwhelming in this case and the jury returned a verdict that is supported by all the evidence that was presented. [¶] So as I had indicated that [defendant] is eligible for probation, I have considered that he has no prior record. [¶] He has led a productive life and I have considered all the letters of reference and the additional materials that were made available. [¶] But after consideration of [California Rules of Court,] Rule 4.414(a)(9), and in light of the evidence in this case which showed that the Defendant took advantage of a position of trust and confidence to commit these offenses against vulnerable people, the Court has decided not to order a grant of probation." The court then pronounced the 9-year sentence in this case, explaining it had chosen the upper term for count one for the reasons previously stated. The trial court did not fail to give the mitigating factors proper consideration. Rather, the court did not believe that all the mitigating factors, such as the good defendant did as an otherwise exemplary and dedicated teacher, could mitigate the aggravating factors, such as the fact that he used that position to find his victims and commit these crimes. There was no abuse of discretion.

C.    *Fines and Fees*

At sentencing, the trial court ordered defendant to pay a $300 restitution fine under section 1202.4, subdivision (b), a $280 court operations assessment under section 1465.8,

8

and a $210 court facilities assessment under Government Code section 70373. On appeal, defendant argues the court violated his right to due process by imposing these fees and fines without holding a hearing to determine his ability to pay them. This argument relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), which was decided before sentencing in this case. Anticipating the People's contention that he forfeited the argument, defendant also contends his counsel rendered ineffective assistance by failing to request a hearing on his ability to pay. Once again, rather than decide the forfeiture issue, we reach the merits, because they are dispositive of both alternative contentions.

The *Dueñas* court held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra,* 30 Cal.App.5th at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*) We are not persuaded that the analysis used in *Dueñas* is correct.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp, supra*, at pp. 95-96.)

9

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Defendant's claim pursuant to *Dueñas* is without merit.

## II. DISPOSITION

The judgment is affirmed.

/S/

_____
RENNER, J.

We concur:

/S/

_____
RAYE, P. J.

/S/

_____
HOCH, J.

10