Filed 3/5/25  P. v. English CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK AARON ENGLISH,<br><br>Defendant and Appellant. | B329428<br><br>(Los Angeles County<br>Super. Ct. No. YA100096) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura C. Ellison, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael C. Keller and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

After a jury convicted Mark English of the rape, oral copulation, and sexual penetration of an unconscious person, the trial court sentenced him to an eight-year prison sentence. The sentence consisted of a six-year midterm sentence on one count, a concurrent six-year midterm sentence on a second count, and a consecutive two-year sentence on a third, subordinate count. On appeal, English contends the trial court erred in selecting the middle term, rather than the low term, under Penal Code section 1170, subdivision (b).[1] We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Irene S. and English were friends. They had known each other for approximately three years when, on December 1, 2018, English sexually assaulted her in his home while she was unconscious. English recorded the incident in photos and videos, which law enforcement discovered in his home.[2]

In March 2022, the People charged English by amended information with rape of an unconscious person (§ 261, subd. (a)(4); count 1); rape by use of drugs (§ 261, subd. (a)(3); count 2); oral copulation of an unconscious person (former § 288a, subd. (f); count 3); oral copulation by anesthesia or controlled substance (former § 288a, subd. (i); count 4); sexual penetration of an unconscious person (§ 289, subd. (d); count 5); sexual penetration by anesthesia or controlled substance (§ 289,

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    At trial, English admitted he took the photos and videos, but he testified that the images showed him only simulating having sex with Irene S.

subd. (e); count 6); possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 7); and possession for sale of a controlled substance (Health & Saf. Code, § 11351; count 8). The information further alleged that as to counts 1 through 6, English administered a controlled substance in the commission of the offense (§ 12022.75, subd. (b)(1)).

The amended information also alleged aggravating circumstances. Regarding the first six counts, the information alleged that the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3));[3] English carried out the offense in a manner that indicated planning, sophistication, and professionalism (rule 4.421(a)(8)); and English took advantage of a position of trust and confidence (rule 4.421(a)(11)). Regarding all eight counts, the information alleged that English was convicted of crimes for which consecutive sentences could be imposed but for which concurrent sentences are being imposed (rule 4.421(a)(7)), he served a prior prison or county jail term (rule 4.421(b)(3)), and he previously performed unsatisfactorily on probation (rule 4.421(b)(5)).

A jury found English guilty on counts 1, 3, and 5. It acquitted him on count 7. The trial court granted English's motion to dismiss count 8 under section 1118 for insufficient evidence. It declared a mistrial on counts 2, 4, 6, and the section 12022.75, subdivision (b)(1) enhancement, after the jury was unable to reach a verdict on those counts and the allegation.

English waived a jury trial on the alleged factors in aggravation. The court found five true: (1) the victim was particularly vulnerable, (2) English took advantage of the victim's trust, (3) English committed the offenses in a manner that

---

[3]     All rule citations are to the California Rules of Court.

indicated planning (but not sophistication or professionalism), (4) English served a prior prison term, and (5) English previously performed unsatisfactorily on probation.[4]

The court also found mitigating circumstances. It determined that English's drug addiction contributed to his "poor judgment," he had an insignificant prior criminal record, and his Static-99R assessment showed a below average risk of recidivism.

Both parties had submitted sentencing memoranda. The prosecution sought the upper term of eight years on count 1, and consecutive sentences on counts 3 and 5 of two years each, for an aggregate term of 12 years. English sought the low term of three years on count 1, and concurrent sentences on counts 3 and 5, for a total of three years. He contended his methamphetamine addiction was a cause of his actions and thus lessened his culpability; his criminal record was insignificant; he would have been granted probation had he been eligible; he had settled Irene S.'s civil lawsuit involving the same crimes; and his Static-99R score showed below average risk.

At sentencing, the trial court indicated that it was weighing the aggravating and mitigating factors against each other. It weighed "highly" that the victim was "very vulnerable," because of her drug use, and noted that she trusted English based on their friendship. The court also considered it to be a "large" mitigating factor that English's criminal history was minimal and tied to his drug addiction. However, describing

---

[4]     In May 1987, English received a three-year felony probation term following a conviction for violation of Health and Safety Code, section 11350, subdivision (a). Probation was revoked in February 1988, and the court imposed a sentence of one year and four months.

English's acts as "horrendous," the court sentenced him to the midterm of six years on count 1; a consecutive term of one-third of the midterm on count 3 (two years); and a concurrent midterm of six years on count 5, for a total of eight years.

English filed a timely notice of appeal.

## DISCUSSION

### I.  Section 1170

"Effective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways. (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–2021 Reg. Sess.); Stats. 2021, ch. 695, § 5.)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038 (*Flores*).)  Senate Bill No. 567 amended section 1170, subdivision (b), to make the middle term the presumptive sentence unless certain circumstances exist.  (*Flores*, at p. 1038.) As amended, section 1170, subdivision (b)(1) provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Section 1170, subdivision (b)(2) was amended to "authorize determinate sentences above the middle term 'only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170, subd. (b)(2).)" (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 199 (*Hilburn*).)

5

Assembly Bill No. 124 also amended section 1170 by creating a presumption in favor of the lower term under specified circumstances. (*Hilburn, supra*, 93 Cal.App.5th at p. 199.) Section 1170, subdivision (b)(6) now provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense . . . ." The factors are divided into three categories: the defendant has experienced psychological, physical, or childhood trauma, including abuse, neglect, exploitation, or sexual violence (§ 1170, subd. (b)(6)(A)); the defendant is or was a youth at the time of the commission of the offense (*id.*, subd. (b)(6)(B)); and the defendant is or was a victim of intimate partner violence or human trafficking (*id.*, subd. (b)(6)(C)). However, "Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present." (*Id.*, subd. (b)(7).)

Rule 4.420 now mirrors section 1170, subdivision (b)(1) and (2), and also provides: "In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial." (Rule 4.420(d).)

## II. The Trial Court Did Not Abuse Its Discretion by Imposing the Middle Term

English contends the trial court abused its discretion by imposing a middle term sentence because the aggravating factors did not outweigh those in mitigation, and the court did not find the aggravating factors true beyond a reasonable doubt. Neither section 1170, subdivision (b) nor the facts of this case support English's argument.

### A. Section 1170 did not require the court to find aggravating factors outweighed mitigating factors to impose the middle term

English argues that section 1170 requires the imposition of the low term when mitigating factors outweigh aggravating factors. Yet, the language of the statute refutes his claim. We review questions of statutory interpretation de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

Section 1170, subdivision (b), identifies the middle term as the presumptive term. (*Flores*, *supra*, 73 Cal.App.5th at p. 1038.) Only if certain statutorily enumerated circumstances are present is the court required to find that "the aggravating circumstances outweigh the mitigating circumstances" before imposing the midterm. (§ 1170, subd. (b)(6).)

The amendments to section 1170, subdivision (b) imposed two new restrictions on the trial court's discretion: To impose a midterm when the lower term is presumptive, the court must find that the aggravating circumstances outweigh the mitigating circumstances. (*Id.*, subd. (b)(6).) To impose the high term rather than the presumptive midterm, the court is required to find that the circumstances in aggravation justify the imposition of the higher term and the facts underlying those circumstances

7

were stipulated to or found true beyond a reasonable doubt by the jury or the judge in a court trial. (*Id.*, subd. (b)(2).)

These two instances in which section 1170 specifically restrains the court's sentencing discretion demonstrate that "if the Legislature wanted to limit the sentencing court's discretion, it knew how to do so as set forth in subdivisions (b)(1) and (2)." (*Hilburn*, *supra*, 93 Cal.App.5th at p. 204.) There is no similar restriction of the trial court's ability to impose the presumptive midterm if the circumstances in section 1170, subdivision (b)(6) do not apply.

Under section 1170, "the low term is presumed *only if* the sentencing court first finds the defendant falls into one of the three special categories set forth in section 1170, subdivision (b)(6) . . . ." (*Hilburn*, *supra*, 93 Cal.App.5th at p. 205, italics added; *People v. Salazar* (2023) 15 Cal.5th 416, 419 [qualifying trauma required to trigger the lower term presumption].) English does not argue that he falls into one of the three categories, nor did he make that assertion in the trial court. There is no evidence that English qualified for the low term presumption, thus the court was not required to find the aggravating circumstances outweighed any mitigating factors before imposing the midterm. (§ 1170, subd. (b)(6); *Hilburn*, at p. 205 ["the sentencing court is tasked with assessing mitigating and aggravating factors to impose the middle term only if it first determines that the defendant qualifies for treatment under [section 1170, subdivision (b)(6)]"].)

**B.** **The trial court was permitted to consider the aggravating circumstances and did not abuse its discretion**

A trial court's sentencing decision rests in its "sound discretion." (§ 1170, subd. (b).) We thus review the trial court's decision to impose the middle term for an abuse of discretion. (*Hilburn*, *supra*, 93 Cal.App.5th at p. 205; see *People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*) [burden is on appellant to establish sentence was irrational or arbitrary].)

Rule 4.420(d), explains that in "selecting between the middle and lower terms of imprisonment, the sentencing judge *may* consider circumstances in aggravation or mitigation . . . . The court *may* consider factors in aggravation and mitigation, whether or not the factors have been . . . found true beyond a reasonable doubt . . . ." (Italics added.) The trial court was permitted to consider the aggravating and mitigating factors but was not limited by the restrictions of section 1170, subdivision (b)(1), (2), or (6). Instead, the general principle applies that a " ' "decision will not be reversed merely because reasonable people might disagree." ' . . . [A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) A court's sentencing discretion is abused, such that reversal is warranted, only when it exceeds the bounds of reason. (*People v. Dent* (1995) 38 Cal.App.4th 1726, 1731.)

The trial court did not abuse its discretion here. The court thoroughly considered the relevant aggravating and mitigating circumstances. Regarding mitigating factors, the court found that English's addiction contributed to his poor judgment and that he had an insignificant prior criminal record. It also

9

considered several aggravating factors, including that English abused a position of trust within the meaning of rule 4.421(a)(11). The court indicated it gave significant weight to the abuse of trust factor.

English expressly concedes that there was sufficient evidence to support the trial court's true finding on the abuse of a position of trust aggravating circumstance. Because under rule 4.420 the court was not required to rely on *any* aggravating factors when choosing between the middle and lower terms, it reasonably could have relied on this factor alone to impose a midterm sentence. (See *People v. Yim* (2007) 152 Cal.App.4th 366, 369 ["single aggravating factor may support a sentencing choice"].)

We also reject English's contention that the trial court could not consider aggravating factors in selecting the sentence unless it found those factors true beyond a reasonable doubt. English cites the "express terms" of section 1170, subdivision (b)(2) for this assertion. Section 1170, subdivision (b)(2) provides that aggravating circumstances must be stipulated or found true beyond a reasonable doubt for the court to impose "a sentence *exceeding* the middle term." (Italics added.) The court did not impose a sentence exceeding the middle term. Nothing in section 1170, subdivision (b) requires such a finding for the presumptive middle term. (See also rule 4.420(d) [in selecting between low and middle term, court "may consider factors in aggravation and mitigation, whether or

not the factors have been . . . found true beyond a reasonable doubt"].)[5]  English thus fails to demonstrate a basis for reversal.

---

[5]       Courts have rejected this argument even when the lower term was the presumptive term, requiring the trial court to find the aggravating factors outweighed any mitigating circumstances before imposing the middle term.  (*People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929 [declining "to import [the subdivision (b)(2)] requirement into section 1170, subdivision (b)(6) as a prerequisite to imposing the middle term"]; accord, *Hilburn, supra,* 93 Cal.App.5th at pp. 204–205.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


HANASONO, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.