Filed 3/28/25  P. v. Quiroz CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ADER ALDAIR QUIROZ,<br><br>        Defendant and Appellant. | A169971<br><br>(Napa County Super. Ct. Nos. 21CR000171, 21CR000232) |

**MEMORANDUM OPINION[1]**

The People charged defendant Ader Aldair Quiroz by amended complaint in Napa County Superior Court case no. 21CR000171 (hereafter case no. 171) with numerous felonies, including possession of a controlled substance for sale (Health & Saf. Code, § 11351), possession of a controlled substance with a firearm (*id.*, § 11370.1, subd. (a)), unlawful possession of a firearm (Pen. Code, § 29815, subd. (a)[2]), and resisting and obstructing, delaying a peace officer (§ 148, subd. (a)).  The People alleged nearly all the crimes charged were committed for the benefit of, at the direction of, or in association with, a criminal street gang (§ 186.22, subd. (b)(1)(A)).  Defendant

---

[1]     We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]     All undesignated statutory references are to the Penal Code.

1

pled no contest to one count of unlawful possession of a firearm (§ 29815, subd. (a); hereafter the "section 29815(a) count") and admitted the criminal street gang enhancement. He also pled no contest to a misdemeanor section 148, subdivision (a) count, and admitted a probation violation in another case (case no. 19CR001675). Defendant stipulated that the factual basis for the plea was set out in the police report, and he entered a *Harvey* waiver[3] as to the remaining counts and allegations.

Contemporaneous with case no. 171, the People charged defendant in Napa County Superior Court case no. 21CR000232 (hereafter case no. 232) with unlawful sexual intercourse with a minor more than three years younger than defendant (§ 261.5, subd. (c)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)). Defendant pled no contest to the charged count, stipulated that the factual basis for the plea was set out in the police report, and entered a *Harvey* waiver as to the great bodily injury allegation. As part of his plea, he again admitted to a probation violation in case no. 19CR001675.

At a March 22, 2022 sentencing hearing, the trial court suspended imposition of a sentence and granted defendant two years of formal probation in case no. 171, and three years of formal probation in case no. 232.

In September 2023, the People filed petitions to revoke probation in both case nos. 171 and 232, alleging that defendant violated the terms of his probation by committing domestic violence battery (§ 243, subd. (e)(1)) on September 8, 2023. In November 2023, the People filed a second petition to

---

[3]     Pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, "facts underlying charges dismissed as part of a negotiated plea may not, absent contrary agreement by the defendant (now called a *Harvey* waiver), be used to impose adverse sentencing consequences." (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 678.)

revoke probation in both cases, alleging defendant committed domestic violence battery in May, June, and July 2023. The People also charged defendant in a new Napa County Superior Court case (case no. 23CR002057) with one misdemeanor count of domestic violence battery. After trial, a jury found defendant guilty of the domestic violence battery count, and the trial court found defendant violated the terms of probation.

Prior to sentencing in case nos. 171 and 232, the People filed a sentencing brief requesting that the court terminate probation and impose the following prison sentence: the middle term of two years for the section 29815(a) count (unlawful possession of a firearm); three years for the criminal street gang enhancement; and eight months consecutive for the section 261.5, subdivision (c) count (unlawful sexual intercourse with a minor). As relevant here, the People discussed numerous aggravating factors relating to defendant, e.g., his status as a probationer when committing the underlying offenses, and his prior unsatisfactory performance on probation. In terms of mitigating factors, the People stated: "Probation found no circumstances in mitigation in this case. Defendant was not a passive participant in the crimes and the crimes weren't committed out of coercion or distress. The circumstance that could potentially apply in this case is that Defendant was less than 26 years old at the time he committed the felony offenses."

At the sentencing hearing, defense counsel urged the court to reinstate probation and argued, pursuant to section 1170, subdivision (b)(6), the fact that defendant was under the age of 26 at the time of his felony offenses was

a mitigating factor that outweighed the aggravating factors pled to or proven at trial, thus requiring imposition of a low term.[4]

The trial court terminated probation and sentenced defendant in accord with the People's requested sentence. In doing so, the court discussed the criteria affecting the decision to grant or deny probation, including: the court believed the sex offense was more serious because defendant refused the victim's request to wear a condom and the victim became pregnant; the victim in the sex offense case was "significantly vulnerable" due to her age; defendant was an active participant in both cases; the crimes were not committed because of unusual circumstances; defendant took advantage of a position of trust and confidence in the sex offense case; defendant's performance on probation has been "very unsatisfactory"; the court remained unconvinced defendant was adequately remorseful; and the court believed defendant would pose a danger to others if not imprisoned. (See Cal. Rules of Court, rule 4.414.) Thereafter, the court addressed the circumstances in aggravation and mitigation in both cases, finding no mitigating circumstances. Defendant appeals from judgment terminating probation and sentencing him to state prison.

On appeal, defendant's sole contention concerns the imposition of the middle term rather than the low term on the section 29815(a) count pursuant to section 1170. More specifically, he contends the trial court wrongly relied on certain aggravating factors—i.e., that the minor victim of the sex offense was particularly vulnerable and that he took advantage of a position of trust and confidence—because a jury never found these factors true beyond a

---

[4] The record reflects that defendant was 22 years old when he committed the sex offense in case no. 232, and 23 years old at the time of the offenses in case no. 171.

4

reasonable doubt and defendant did not stipulate to them.  As such, he argues, there were no aggravating factors other than the sole fact that he reoffended while on probation, which was outweighed by the mitigating factor that he was under the age of 26 at the time of his felony offenses.  We reject this.[5]

Section 1170, subdivision (b)(1), provides:  "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  In turn, subdivision (b)(2) of section 1170 provides in relevant part:  "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The meaning of these provisions is clear:  "Courts may not impose a sentence greater than the middle term except when aggravating factors justifying the imposition of the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or the judge in a court trial."  (Advisory Com. com., Cal. Rules of Court, foll. rule 4.421.)  However, "[t]hese requirements do not apply to consideration of

_____

[5]     The aggravating circumstances concerning the sex offense seem irrelevant given that defendant's challenge is to the imposition of the middle term on the section 29815(a) count.  (Cf. *People v. Garcia* (1995) 32 Cal.App.4th 1756, 1779.)  That said, as discussed below, the court appears to have properly relied on other aggravating factors to justify the sentence it imposed on the section 29815(a) count.

aggravating factors for the lower or middle term." (*Ibid*.) "In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing." (Cal. Rules of Court, rule 4.420(d).) Defendant's reply brief concedes this legal point and acknowledges that the trial court imposed the middle term and not the upper term. But he insists his youth was a mitigating factor that should have outweighed the "single" aggravating factor that he performed poorly on probation. We are unpersuaded.

Subdivision (b)(6) of section 1170 provides: "Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." Section 1016.7 provides: "A 'youth' . . . includes any person under 26 years of age on the date the offense was committed." " 'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in "qualitative as well as quantitative terms" [citation] . . . . We must affirm

6

unless there is a clear showing the sentence choice was arbitrary or irrational.' " (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582 (*Avalos*).)

Here, the record reflects the trial court imposed the middle term on the section 29815(a) count after hearing from defense counsel about defendant's youth. But in commenting that there were no mitigating factors, the court evidently rejected, albeit implicitly, counsel's position that youth was "a contributing factor" to his commission of that offense. Moreover, in finding the middle term warranted, the court found true the aggravating factors that defendant was on probation when he committed his felony offenses and his prior performance on probation was unsatisfactory. (Cal. Rules of Court, rule 4.421(b)(4)–(5)). These factors would have sufficed to support the middle term sentence (*People v. Yim* (2007) 152 Cal.App.4th 366, 369), but the court also discussed other factors pertaining to defendant and the circumstances concerning the crime, e.g., defendant continues to deny that he is a gang member even though he admitted the gang allegation in case no. 171, and he has not taken full responsibility for his actions. (*Id.*, rule 4.421(c).) Defendant did not challenge the truth of any of the aggravating factors in the proceeding below or in his opening brief on appeal.[6]

---

[6] As noted, defendant's opening brief argued there were no aggravating factors, other than the sole fact that he reoffended while on probation, because a jury never found other factors true beyond a reasonable doubt and defendant did not stipulate to them. Although his reply brief concedes the legal premise of this argument is incorrect, he continues to argue in a single sentence that "the record only supports one aggravating factor, namely that [defendant] violated the law while on probation in both cases leading to a third conviction and, thus, performed poorly while on supervision. (Cal. Rules of Court, rule 4.421(b)(5).)" This argument is conclusorily made without citation to the record or to supporting legal authority, so we decline to consider it. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

In urging this court to find error, defendant contends "the law has slowly recognized '[s]cientific evidence on adolescence and young adult development and neuroscience shows that certain areas of the brain, particularly those affecting judgement [*sic*] and decisionmaking, do not develop until the early-to-mid-20s.' " But we are not empowered to reweigh the circumstances of aggravation and mitigation in this case; rather, our role is confined to determining whether the court abused its discretion. On this record, we cannot conclude the court's decision to impose the middle term on the section 29815(a) count was arbitrary or irrational. (*Avalos*, *supra*, 47 Cal.App.4th at p. 1582.)

## DISPOSITION

The judgment is affirmed.

_____
Fujisaki, Acting P.J.

WE CONCUR:

_____
Petrou, J.

_____
Rodríguez, J.

*People v. Quiroz* (A169971)