Filed 8/21/25  P. v. Sanchez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR SANCHEZ,<br><br>    Defendant and Appellant. | B336334<br><br>(Los Angeles County<br>Super. Ct. No. BA510483) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Richard Lennon and Tanya Dellaca, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Salvador Sanchez of assault with a deadly weapon and injuring the mother of his child. The court imposed the midterm sentence on both counts and stayed the sentence on the second count. On appeal, Sanchez asserts the trial court abused its discretion by making improper findings regarding four of six aggravating factors and by ignoring mitigating factors. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2021, Los Angeles Police Department Officer Ammari-Ali Amer responded to a 911 call reporting a domestic violence incident. When Amer arrived, he found Sanchez's wife, Lucia S., holding her arm, which was red and swollen. Amer thought the arm was fractured. Lucia S. told the officer that Sanchez had thrown a beer can at her but missed, breaking her son's terrarium. Sanchez then followed Lucia S. into a bedroom and struck her arm, which she was using to shield her face, several times with a metal broom. During the incident, their eight-month-old daughter and ten-year-old son were in the bedroom. Sanchez then left the home, taking their son with him.[1]

A May 2023 information charged Sanchez with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1);[2] count 1)

---

[1] At trial, Lucia S. testified that she had lied to the responding officer about the incident because she was angry with Sanchez. The People impeached her with Amer's testimony, Amer's body-worn camera footage, a transcript of Lucia S.'s 911 call, officer testimony about a prior reported incident of domestic violence, and the son's testimony.

[2] All statutory references are to the Penal Code.

and injuring a child's parent resulting in a traumatic condition (§ 273.5, subd. (a); count 2).  In September 2023, a jury found Sanchez guilty as charged.

Both parties submitted sentencing memoranda.  Sanchez argued the court should grant him probation because his last felony conviction was in 2008, and since then he had only suffered nonviolent misdemeanor convictions.  He further asserted that he was willing to comply with probation, he had lived with Lucia S. peacefully while the case was pending, he had attended classes and therapy, he was not a danger to others, and his imprisonment would cause undue hardship to his family.

The People contended that Sanchez was not eligible for probation.  They cited his criminal history, which spanned from 1993 to 2021.  Although Sanchez's last felony conviction was in 2008, for burglary, he had one misdemeanor conviction in 2014 and two in 2015.  The People argued Sanchez's crimes were increasing in severity and his current convictions for assault with a deadly weapon and injury of a child's parent were the most serious crimes yet.  The People also contended Sanchez had never successfully completed probation.

The People additionally asserted that under California Rules of Court, rule 4.421,[3] there were several circumstances in aggravation: the crime involved the infliction of great bodily harm (rule 4.421(a)(1)); Sanchez was armed with and used a weapon in the commission of the crime (*id*., (a)(2)); the victim was particularly vulnerable (*id*., (a)(3)); Sanchez had engaged in violent conduct that indicates a serious danger to society (*id*., (b)(1)); Sanchez's prior convictions were numerous (*id*., (b)(2)); and Sanchez had served a prior prison term (*id*., (b)(3)).  The

---

[3]     All rule citations are to the California Rules of Court.

3

People argued there were no circumstances in mitigation under rule 4.423.

While maintaining that Sanchez's factors in aggravation outnumbered those in mitigation, the People argued the court should give due weight to the length of time since Sanchez's last violent conviction and the victim's request for leniency. The People therefore requested the imposition of the lower term of two years on count 1 and a stayed two-year sentence on count 2 pursuant to section 654.

After reading the sentencing memoranda and probation report, the trial court stayed the proceedings and ordered a diagnostic report under section 1203.03. The diagnostic study concluded that Sanchez was an unsuitable candidate for probation; the instant offense was serious, as reflected by the nature of Lucia S.'s injuries; Sanchez had a propensity for violence; and Sanchez blamed Lucia S. and was not remorseful.

The study also found that Sanchez's "criminal record speaks volume[s] for his unwillingness and inability to follow the laws of society. Mr. Sanchez has already been placed on probation multiple times in the past and has also served a prior prison term. Mr. Sanchez has been given many opportunities to rectify his misbehavior and refrain from committing further criminal acts. It is believed if he is granted probation and he fails, he may present a significant risk to the community."

At a subsequent hearing, the trial court heard argument and received a letter from the victim. The court had read the diagnostic report. Before pronouncing a sentence, the court responded to defense counsel's request that the court consider the ongoing relationship between Sanchez and Lucia S., and the wishes of the family that Sanchez not be incarcerated further.

4

The court noted that when it "look[ed] at the total picture," the court was "concerned for the children. I am concerned for the wife. [¶] And it's obvious to me after reading the diagnostic report that he still blames her for everything. He doesn't take any responsibility for this. It's a sad situation, and I think he will keep up with the same kind of conduct."

The court denied Sanchez's request for probation. It imposed a midterm of three years on count 1 and a midterm of three years on count 2, but stayed the sentence on count 2 pursuant to section 654. The court explained the sentence:

> "The actual sentence the court is going to impose is the middle term of three years, and I weighed it against the low term sentence. [¶] The court finds the factors in aggravation outweigh the factors in mitigation. [¶] Aggravating factors under Rule 4.421[:] [¶] The crimes involved the infliction of great bodily harm; [¶] the defendant was armed with and used a deadly weapon at the time of the commission of the crime; [¶] the victim was particularly vulnerable and only survived more physical harm by blocking a blow aimed at her head; [¶] the defendant has engaged in violent conduct that creates a serious danger to society; and [¶] his prior convictions are numerous and the defendant's performance on probation has been unsatisfactory. [¶] The court finds no mitigating factors under Rule 4.423. [¶] The court has considered the defendant's argued mitigating factors and finds no substance to his claims. His sincerity is undercut by the diagnostic study, which this court has considered."

Sanchez timely appealed.

## DISCUSSION

Sanchez contends the trial court abused its discretion by relying on four improper aggravating factors, failing to consider legitimate mitigating factors, and, on that basis, sentencing him to the midterm rather than the lower term.  We find no abuse of discretion.

### I. The Trial Court Did Not Abuse Its Discretion by Imposing the Middle Term Sentence

As an initial matter, we agree with the People that Sanchez forfeited his arguments on appeal by not objecting in the trial court.  An appellant who fails to object to a trial court's reliance on an improper aggravating or mitigating factor generally may not challenge his or her sentence on that basis on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 351–352; *People v. Sarmiento-Zuniga* (2025) 108 Cal.App.5th 1216, 1222 (*Sarmiento-Zuniga*); *People v. Anderson* (2023) 88 Cal.App.5th 233, 242; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778.)

However, rather than addressing Sanchez's ineffective assistance of counsel claim based on the failure to object, we consider the merits of his argument.

### A. Section 1170, subdivision (b)

Amendments to section 1170, subdivision (b), which were effective January 1, 2022, made "the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist."  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038, fn. omitted (*Flores*).)  A court is required to find that "the aggravating circumstances outweigh the mitigating circumstances" before imposing the midterm *only* if specific statutorily enumerated circumstances are present that make the

lower term the presumptive term.  (§ 1170, subd. (b)(6); *People v. Hilburn* (2023) 93 Cal.App.5th 189, 205 (*Hilburn*).)

"When a trial court imposes a middle term sentence, the court is only required to state, on the record, the facts and reasons for imposing the middle term, pursuant to Penal Code section 1170, subdivisions (b)(1), (5), and (c).  Section 1170, subdivisions (a)(3) and (b)(1) do not prescribe any other evidentiary or proof requirements on the imposition of a middle term sentence." (*Sarmiento-Zuniga*, *supra*, 108 Cal.App.5th at p. 1219.)

Rule 4.420 also provides: "In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision.  The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial." (*Id.*, (d).)[4]

## B.     Sanchez has not established the trial court improperly failed to consider or improperly rejected mitigating circumstances

The middle term was the presumptive term.  (*Flores*, *supra*, 73 Cal.App.5th at p. 1038.)  Sanchez does not assert that any of the statutory factors making the lower term presumptive apply here.  Therefore, the trial court was not required to find that the aggravating circumstances outweighed any mitigating factors

---

[4]     "Rule 4.420(b)—which was adopted March 14, 2022—tracks section 1170, subdivision (b) as amended by Senate Bill 567." (*Lovelace v. Superior Court* (2025) 108 Cal.App.5th 1081, 1092.)

before it imposed the midterm sentence.  (§ 1170, subd. (b)(6); *Hilburn*, *supra*, 93 Cal.App.5th at p. 205; *Flores*, at p. 1038.)

However, the court nonetheless considered both aggravating and mitigating factors.  Sanchez contends there were four mitigating factors: (1) his willingness to comply with probation; (2) his lack of a pattern of regular or increasingly serious criminal conduct; (3) his financial and caregiving support for his family; and (4) his lack of danger to others if released.  The record establishes that the court considered these factors but determined the diagnostic study undermined their asserted existence.

The trial court reasonably credited the report's findings that Sanchez would not perform well on probation, had a significant record of criminal conduct, and would pose a danger to others.  In addition, the probation report supported the court's rejection of Sanchez's argument that there was no regular pattern of criminal conduct.  Sanchez's criminal convictions are numerous and span from 1993 to 2021.  They include prior domestic violence and alcohol-related convictions.  The court considered Sanchez's four asserted mitigating factors, found none were supported by the record, and explained its reasons.  It did not abuse its discretion in rejecting Sanchez's argument that the four asserted mitigating factors applied.  Further, the court's assessment of mitigating factors was independent from its consideration of the aggravating factors.  In the absence of any mitigating factors, we find no basis to conclude the trial court abused its discretion in imposing the presumptive middle term.

**C.     Any error in the trial court's consideration of aggravating circumstances does not require reversal**

As to the aggravating circumstances, Sanchez challenges the court's reliance on four of the six identified: the crime involved great bodily harm (rule 4.421(a)(1)); the defendant was armed with or used a weapon at the time of the commission of the crime (*id.*, (a)(2)); the victim was particularly vulnerable (*id.*, (a)(3)); and the defendant has engaged in violent conduct that indicates a serious danger to society (*id.*, (b)(1)).

The People concede that the court's reliance on one of the aggravating circumstances was incorrect, and we agree. "It is established that a circumstance that is an element of the substantive offense cannot be used as a factor in aggravation." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1261; rule 4.420(h).)  Thus, the trial court could not consider Rule 4.421(a)(2) as an aggravating factor because a required fact—use of a weapon—was duplicative of an element of the assault with a deadly weapon conviction.  (§ 245, subd. (a)(1).)

However, "[e]ven when ' "a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." [Citation.]' [Citation.]" (*People v. Mendoza* (2022) 74 Cal.App.5th 843, 856.)  Sanchez does not demonstrate a reasonable probability of a different result—the imposition of the low term—even if the court improperly relied on all four challenged aggravating factors.

Sanchez does not dispute that the trial court properly relied on two of the aggravating factors: that Sanchez's prior convictions were numerous (rule 4.421(b)(2)), and his prior performance on

9

probation was unsatisfactory (*id.,* (b)(5)).  With a presumptive middle term, two uncontested aggravating factors, and the trial court's reasoned rejection of the alleged mitigating factors, it is not reasonably probable the trial court would have chosen the lower term even assuming it had not applied the four challenged aggravating circumstances.  The court was not required to rely on *any* aggravating factors to impose the midterm, and Sanchez does not dispute the presence of two.  (See *People v. Yim* (2007) 152 Cal.App.4th 366, 369 ["single aggravating factor may support a sentencing choice"].)  All the trial court was required to do in selecting the middle term was to state its reasons, which the court did here.  (*Sarmiento-Zuniga, supra,* 108 Cal.App.5th at p. 1226.)  Sanchez has not established that the trial court abused its discretion in imposing the middle term sentence in this case, or that any error in the court's consideration of aggravating circumstances requires reversal.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.

We concur:


EDMON, P. J.



EGERTON, J.

11